[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In the above matter, the plaintiff seeks an order of this court directing the defendant to promote him to the position of supervisor in the Connecticut Transit system in New Haven, with alternative or additional relief such as damages, counsel fees etc.
The issue arose from a contract between the parties entered CT Page 11538 into by way of settlement of a previous law suit commenced in 1986, relative to a demotion of the plaintiff in 1985. The parties have entered into a stipulation of facts for trial purposes, and have filed trial briefs for which the court is grateful.
The plaintiff is a bus driver in the transit system and has worked in the transit system for the defendant and its predecessors since 1974. In 1986 he was promoted to supervisor. In 1985 he was demoted back to bus driver. At the same time, on Reilly, who had also been promoted to supervisor, was demoted to bus driver. Reilly brought suit, and subsequently, a similar suit was brought by the same attorney on behalf of the plaintiff.
In June, 1988, the plaintiff and defendant reached settlement by way of an agreement. Under the agreement, the defendant agreed to pay the plaintiff the sum of $12,000.00 without admission of liability. The defendant further agreed to reinstate the plaintiff to the position of supervisor under the following conditions:
a. That the next two openings for supervisor would be filled by two unnamed persons and the plaintiff would be promoted to supervisor when the next position became available.
b. That the plaintiff would be placed in a Keystoner position if one should become available prior to the third supervisor opening. (Keystone is the designation of an apprentice supervisor program which gives some degree of exposure to person interested in and qualified for supervisor).
c. That the defendant had no obligation to either create new supervisor positions or to maintain the number existing as of the contract date.
d. That the agreement would terminate upon (a) appointment of the plaintiff as supervisor or (2) payment of $5,000.00 by the defendant to the plaintiff should the plaintiff not be promote to supervisor on or before June 23, 1990.
Having settled his suit, with a condition that he be appointed supervisor, Reilly was appointed supervisor in October 1989. Thereafter, one Harris was appointed supervisor. The plaintiff was not appointed supervisor prior to June 23, 1990 and on July 3, 1990, a check for $5,000.00 was sent to the CT Page 11539 plaintiff by David Lee, Assistant General Manager for Transportation. The plaintiff returned the check with a cove letter dated October 15, 1990.
The plaintiff now seeks promotion to supervisor, back pay damages and attorney's fees.
Said Harris had been a Keystoner until his appointment to supervisor and the Keystone slot was not filled prior to June 23 1990.
The complaint alleges that a third opening for the supervisor position became available during the life of the settlement agreement, as well as a Keystone position, but the the plaintiff was promoted to neither position.
It should be noted that the promise to promote to either position was contingent upon the performance by the plaintiff not being "substandard." There was no claim by the defendant, not any evidence, that his performance was substandard.
The answer of the defendant denied the above allegation relating to availability of positions. The defendant filed First Special Defense that alleged that (a) the defendant had paid the aforesaid $5,000.00 and (b) the defendant's obligation under the agreement was discharged. The plaintiff admitted the first portion, but denied the second.
The defendant filed a Second Special Defense that the plaintiff failed to assert the claims relating to availability of positions in a timely fashion, and is estopped from so doing now. This was denied by the plaintiff.
In his brief, the plaintiff makes the following claims:
1. The defendant breached the settlement agreement by appointing Reilly as supervisor in October 1989.
2. The defendant breached the settlement agreement by failing to appoint the plaintiff to the position of Keystoner in November 1989.
3. The plaintiff was entitled to receive the third position available in any division of Connecticut Transit. CT Page 11540
4. The plaintiff is entitled to enforcement of the settlement agreement and damages.
5. The plaintiff is not estopped from asserting his claims.
At trial, the court received testimony from the plaintiff and from a Mr. Marques who was superintendent in New Haven from 1987-1992. The court also received several exhibits.
Addressing the plaintiff's claims supra, the court finds a follows:
(1) The defendant did not breach the settlement agreement by appointing Reilly in October 1989. The parties are not in dispute that Reilly was appointed supervisor in October 1989, of which the plaintiff was aware; that Harris, a Keystoner, was appointed in November 1989; that a vacancy had occurred in October 1989. Marques testified that in 1988, there were 11 supervisors and in 1992 there were 12. From this, it is clear that Reilly's position was created for him, in order to comply with the terms of his settlement agreement. Harris was appointed to fill the vacancy created in October 1989. No other supervisors were appointed until one Gonzalez was so appointed in 1992. There was no breach by the promotion of Reilly.
(2) There was no breach from the failure to appoint the plaintiff to the Keystoner position upon Harris' elevation. I response to a question by the court, the plaintiff stated he had never inquired about the Keystoner position, and further responded in cross-examination that he never asked for the position.
By way of relief, the plaintiff requests an order appointing plaintiff to the position of Keystoner and awarding back pay Schlott v. Zaremski, 32 Conn. Sup. 567, 568. The evidence supports the conclusion that the plaintiff was never interested in the Keystoner program, and for all that appears to the court would have declined the offer if it were made. "The law does not require the doing of a useless thing." Corsino v. Grover,14 Conn. 299, 308.
(3) The plaintiff claims he was entitled to the third available position in any division of Connecticut Transit.
Testimony was offered that Connecticut Transit operated in CT Page 11541 three divisions: Hartford, New Haven and Stamford.
The claim of the plaintiff is that the agreement should be construed so as to apply to any supervisor opening in Hartford or Stamford, as well as New Haven.
"Where the parties have reached their agreement to writing, their intention is to be determined from its language and not on the basis of any intention either may have secretly entertained." Robert Lawrence Associates, Inc. v. DelVecchio,178 Conn. 1, 14. "Intention is an inference of fact." Finlay v. Swirsky, 98 Conn. 666, 671. Intention is determined by the language used in the light of the circumstances at the time. Ibid. p. 673.
In reviewing the language of the settlement agreement, it is clear to the court that the locus was to be the New Haven division alone. The plaintiff had driven buses there since 1974. Paragraph 4 of the agreement provided that the defendant "will reinstate Windley to the position of Supervisor . . ." This position was in New Haven, not elsewhere. In Paragraph 4(4) the agreement refers to "the next two available Supervisor openings, as [the defendant] has two individuals in mind for those openings." The plaintiff argued at trial that both individuals were employees in New Haven — not elsewhere.
The plaintiff has failed to prove the allegations of his complaint. The court therefore finds that he is not entitled to any relief other than that bargained for, i.e. the sum of $5,000.00. The defendant has represented that such funds are available.
The judgment of the court is that the plaintiff may recover such funds from the defendant, pursuant to the settlement agreement. All other relief is denied.
Burns, J. CT Page 11542